IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Scott D. Gerber,                                             Case No. 3:06CV1525

          Plaintiff

    v.                                                          ORDER

James C. Riordan, et al.,

          Defendant

This is a suit by an author against a publisher. Pending are several motions: 1) defendants' motion to vacate a default that has been entered against the defendant Seven Locks Press; 2) defendants' motion to stay proceedings pending arbitration; 3) defendants' motion [filed pro se by the individual defendant James C. Riordan] to dismiss; and 4) plaintiff's motion that mediation be conducted in Toledo, Ohio.

Plaintiff and defendant Seven Locks Press, of which the individual defendant Riordan is a principal, entered into a contract for the defendant Press to publish a book authored by the plaintiff. Publication did not occur, and plaintiff brought this suit.

Riordan had filed a motion to dismiss on his own behalf and, purportedly, on behalf of Press. Because Press, a corporation, could not appear pro se, the Clerk was ordered on October 6, 2006, to note its default. That order also gave Press leave to cause an appearance of counsel to be filed by October 16, 2006, and set a hearing on damages for October 30, 2006, unless an appearance on behalf of Press had been filed as required in that order.

Plaintiff opposes Press's motion to vacate the default, which was filed on November 1, 2006. Plaintiff points out that the motion [and appearance by counsel on behalf of Press] are untimely under the October 6, 2006, order.

That's true: but it does not matter. Defendants are in California. They are, at least according to certain of plaintiff's pleadings, in difficult financial straits. They object to being compelled to litigate this matter in Toledo, Ohio, especially in view of a mandatory arbitration clause in their contract with plaintiff. That it took them longer to procure Toledo counsel, and for him to "get up to speed" and seek to vacate the default is understandable.

It is hornbook law that the law disfavors defaults. *See, e.g., Shepard Claims Serv., Inc. v. William Darrah & Assocs*., 796 F.2d 190, 193 (6th Cir.1986). This should be especially so where, as here, vacating the default can and will cause no palpable or perceptible harm to the plaintiff or his cause.

The motion to vacate the default shall, accordingly, be granted.

The plaintiff opposes the defendants' motion to stay proceedings pending arbitration on the same grounds as his opposition to the motion to vacate default; namely, the untimeliness of the motion. But he does not dispute that the parties' contract requires arbitration.

I decline to overrule the parties' agreement to arbitrate due to the modest untimeliness of the motion. The motion to stay proceedings shall be granted.

The pending pro se motion to dismiss shall be deemed withdrawn, without prejudice to defendants' right to renew said motion.

The plaintiff's motion to have the arbitration held in Toledo, rather than in California, as desired by the defendants, is not ripe for adjudication. Before it becomes so, I desire that the parties

obtain, and consider submitting, the rules, if any, of the Arts Arbitration and Mediation Services of the California Lawyers for the Arts. Those rules, which govern the arbitration in this case, are implicitly incorporated into the parties' contract. If they prescribe the place at which the arbitration will be held, that will moot the dispute about whether the arbitration should occur in Toledo. If the rules do not prescribe the  venue, then I will make that decision once the plaintiff's motion becomes decisional.

It is, therefore,

ORDERED THAT:

1. Defendants' motion to vacate default granted;

2. Defendants' motion to stay proceedings granted;

3. Defendants' pro se motion to dismiss deemed withdrawn, without prejudice; and

4. Leave granted to defendants to file opposition to plaintiff's motion to have mediation held in Toledo by December 21, 2007; reply to be filed by January 15, 2007.

So ordered.

s/James G. Carr
James G. Carr
Chief Judge

3