IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Scott D. Gerber,                                   Case No. 3:06CV1525

         Plaintiff

     v.                                           ORDER

James C. Riordan, et al.,

         Defendant

       This is a suit arising from a dispute between an author, plaintiff Scott D. Gerber, and publisher, codefendants James C. Riordan and his company, Seven Locks Press. The contract between the Gerber and Seven Locks included a provision that "[a]ll disputes arising out of this Agreement shall be submitted to mediation in accordance with the rules of Arts Arbitration and Mediation Services."

       In a previous order [Doc. 28], I granted defendants' motion to stay proceedings pending mediation pursuant to that provision.[1] Now pending is a motion by the plaintiff to have the mediation conducted in Toledo, Ohio. Defendants oppose the motion, which shall be denied.

       The contract does not contain a forum selection clause. Hence the instant dispute. Plaintiff contends that this makes the issue of venue ambiguous, and thus enforceable against the defendants.

---

[1] Plaintiff is of the view that the contract does not *require* mediation; only that if such occurs, it will be conducted pursuant to those rules. I disagree: the contract expressly states that "All disputes arising out of this Agreement *shall be submitted to mediation*." [Emphasis supplied]. The language immediately following is a dependent clause expressing the parties' agreement that such mediation shall be conducted in accordance with the designated rules.

Despite plaintiff's contentions to the contrary, there is nothing ambiguous about this provision. Its meaning is plain, and it should, like other terms and conditions of any contract, be upheld.

I disagree: the contract is silent on the issue of venue, not ambiguous. Thus the rule that ambiguity should be enforced against the draftsman is not applicable.[2]

Plaintiff is domiciled in this District, being a Law Professor at Ohio Northern University in Ada, Ohio. Defendants are residents of California. Correspondence relating to the contract and its formation was principally conducted between California and an address used by plaintiff in Virginia, though there is no indication that defendants were not aware that plaintiff is an Ohio domiciliary.

Because, at least arguably, the contract was formed in Virginia and California, that fact, though not controlling, favors mediation in California.

The parties contend that several witnesses are located in each forum. Assuming that is so, location of the witnesses might be viewed as a neutral factor.

But there may be more witnesses than just those pertinent to the immediate dispute between the plaintiff and defendants as to the formation and collapse of their relationship. Plaintiff, through counsel, has stated that plaintiff's objective is not to recover money from defendants [who appear to be judgment-proof, at least with regard to any recovery by plaintiff], but to force the defendants out of the publishing business. According to counsel, the mistreatment of plaintiff by defendants is not an isolated incident, and others have been, in his view, similarly victimized.

To the extent that the plaintiff will seek to procure proof in support of that contention, pertinent witnesses and, most particularly, documents are far more likely to located in California than Ohio.

Perhaps more importantly, in view of plaintiff's apparent goal of forcing the defendants out of business, California mediators are more likely than mediators elsewhere to know what to do to

---

[2] In any event, just *who* is the draftsman of this contract is not clear.

shut down their operations, if the mediators determine that defendants are nefarious as plaintiff believes.

Thus, the location of evidence, especially in view of plaintiff's present approach to this litigation, strongly favors mediation in California.

Defendants contend that mediators in Ohio would lack familiarity with the applicable rules. In response, plaintiff asserts that arts-related mediators can be found here, just as they can in California. But, even if such is so, Ohio-based mediators are less likely than those based in California to be familiar with the rules of the California Arts Arbitration and Mediation Service, which is "a program of *California* Lawyers for the Arts." [Emphasis supplied]. This consideration favors having the mediation occur in California.

Plaintiff also argues that his choice of forum should not be disturbed. That would be so, were the issue one of transferring the lawsuit. But it is not: the issue is whether plaintiff [who, in any event, disputes the applicability of the mediation provision] elected Ohio as the forum for mediation. He did not; nor did the defendants select California as the forum for mediation. Thus, it's up to me to decide where the arbitration should occur.

Plaintiff asserts that defendants can participate by telephone. That's true – but presumably if they can, so can he, his witnesses, and his attorney.[3] I also assume that plaintiff's counsel would be permitted to appear *pro hac vice*, so his lack of licensure in that state, advanced by plaintiff as a reason for having the mediation here, is no barrier to his participating in a California mediation.

## Conclusion

---

[3] It may be that the mediators would not permit such participation. I hope and expect they would, or, in any event, participation by video conference.

Given the fact that the parties elected to mediate pursuant to a particular process and set of rules, it makes sense for them to do so where the mediators are most likely to be familiar with that process and those rules. It also makes sense for the parties to mediate in the venue where the result sought by the plaintiff is most likely to be accomplished.

I conclude, accordingly, that the mediation should occur in California.

It is, therefore

ORDERED THAT:

1. Further proceedings stayed pending mediation pursuant to the parties' contract; and

2. Plaintiff's motion to cause mediation to occur in Toledo, Ohio, be, and the same hereby is overruled; mediation to occur in California.

So ordered.

s/James G. Carr
James G. Carr
Chief Judge