IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Scott D. Gerber,                                    Case No. 3:06CV1525

        Plaintiff

   v.                                            ORDER

James C. Riordan,

        Defendant

This suit arises from a dispute between an author and a publisher. The author claims that the publisher and his company failed to comply with an agreement to publish the author's book, *The Law Clerk*. Since filing of this suit, another publisher has published the book.

In addition to breach of the publishing contract, the author asserts various tort claims against the publisher's principal, defendant James Riordan.

In earlier orders, I upheld a mandatory mediation/arbitration clause in the agreement [Doc. 28] and ordered, in accordance with that clause, that the mediation occur in California, rather than the Northern District of Ohio. [Doc. 47].

Plaintiff, a resident of this District, is unhappy with those orders. He has filed a motion to vacate the orders. [Doc. 49]. His motion claims that: 1) the defendant publisher, the only party to the agreement containing the mediation clause, has refused to mediate; 2) he sued the defendant Riordan, not a party to the mediation agreement, individually; so that the mediation/arbitration clause is inapplicable to his claims against Riordan individually; and 3) the defendants, despite my prior orders that they do so, have refused to participate in mediation.

I agree with the defendants that plaintiff's motion to vacate my prior orders should be – and thus, will be – denied.

Plaintiff's pending motion claims, in essence, that the tort claims are not covered by the mediation/arbitration clause, and that, in any event, defendants have waived any right to mediation/arbitration arising under the agreement.

The clause, captioned, "Mediation *and* Arbitration" [emphasis supplied], states, "[a]ll disputes arising out of this Agreement shall be submitted to mediation . . . . If mediation is not successful . . ., any outstanding issues shall be submitted to final and binding arbitration . . . ."

Contrary to plaintiff's contention, this clause covers his tort claims – even to the extent that he seeks to assert those claims against Riordan individually. This is so, because case law gives the phrase, "arising out of" very broad – indeed, extraordinarily broad – meaning. As the Tenth Circuit recently stated in *Williams v. Imhoff*, 203 F.3d 758, 765 -766 (10th Cir. 2000), the phrase, "arising out of" in a mediation/arbitration agreement:

> must be broadly construed to mean "originating from," "growing out of," or "flowing from." In reaching this conclusion, we glean support from cases interpreting the identical phrase as used in contracts of insurance. *See, e.g.*, *Federal Ins. Co. v. Tri-State Ins. Co.*, 157 F.3d 800, 804 (10th Cir.1998) (stating "the phrase 'arising out of' should be given a broad reading such as 'originating from' or 'growing out of' or 'flowing from' or 'done in connection with' – that is, it requires some causal connection to the injuries suffered, but does not require proximate cause in the legal sense"); *Merchants Ins. Co. of New Hampshire, Inc. v. United States Fidelity and Guar. Co.*, 143 F.3d 5, 9 (1st Cir.1998) (concluding the phrase "arising out of," as used in the insurance contract, was synonymous with "originate" or "come into being"); *Acceptance Ins. Co. v. Syufy Enterprises*, 69 Cal.App.4th 321, 81 Cal.Rptr.2d 557, 561 (1999) (concluding the phrase "arising out of," as used in the insurance contract, "broadly links a factual situation with the event creating liability, and connotes only a minimal causal connection or incidental relationship"); *see also* 12 COUCH ON INSURANCE 2D § 45:61 (rev. ed.1981) (noting the phrase "arising out of" generally means originating from, growing out of, or flowing from). Although

>these cases are obviously not on point, we find them useful because they adopt a broad construction of the phrase "arising out of," similar to the broad construction we must give to arbitration agreements subject to the FAA.

I agree: the phrase "arising out of" is not limited simply to disagreements about the meaning of a particular phrase in a contract [such as on what basis the royalty is figured, or when the author is to receive the royalty payment]. That phrase, which implements the general policy favoring mediation/arbitration, encompasses, as well, tort claims arising out of the agreement's execution [or non-execution]. *Cf. Kosak v. U.S.*, 465 U.S. 848, 854 (1984) (phrase "any dispute arising out of" encompassed claim for negligent handling of goods).

Plaintiff also seeks to vacate my prior orders on the basis that the defendants, having refused to mediate in accordance with those orders, have waived their rights under the agreement. I disagree: the agreement provides that, if, as here, "mediation is not successful in resolving the entire dispute, *any outstanding issues* shall be submitted to final and binding arbitration. . . ." [Doc. 50-2, ¶ 16 (emphasis supplied).] Included among the issues that have not been resolved are plaintiff's various tort and other claims. That defendants have refused to mediate simply means, within the context created by the agreement at issue, that mediation has not been successful. Under the agreement, arbitration is the next step.

Plaintiff entered into an agreement with a California publisher. He is aggrieved, and feels himself mishandled and cheated by the publisher's owner. He may be right in his aggravation and feelings. But he agreed to go to California to seek relief – even, as a matter of law, as to tort claims against the owner. This is so, because those claims are "arising out of" his agreement with the publisher. Plaintiff must, per the terms of his agreement with the publisher, go to California to get those claims resolved.

3

In light of the foregoing, it is hereby

ORDERED THAT

1. Plaintiff's motion to vacate this Court's prior orders [Doc. 49] be, and the same hereby is denied;

2. Further proceedings in this case be, and the same hereby are stayed pending mediation/arbitration as ordered by this Court; and

3. The parties to submit quarterly status reports commencing May 1, 2008.

So ordered.

s/James G. Carr
James G. Carr
Chief Judge