IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Scott D. Gerber,                                       Case No. 3:06CV1525

        Plaintiff

   v.                                                 ORDER

James C. Riordan, et al.,

        Defendant

      This is a contract dispute between an author and a publisher. In a prior order, I directed the parties to move forward with mediation proceedings conducted by the Arts Arbitration and Mediation Service in California. [Docs. 47 and 55].

      Pending is plaintiff's motion for guidance. [Doc. 57]. In his motion, to which the defendants have not filed a response, plaintiff states that he is prepared to proceed with mediation, but opposes two aspects of the mediation protocol. First, he must agree not to sue the mediator; second, further proceedings are to occur in the courts of California.

      I see no reason why either provision should cause this court to interpose itself into the process by abrogating or taking other action with regard to the mediation protocol. Plaintiff does not contend that these provisions have been developed on his account or apply only to him and this mediation.

Federal law on alternative dispute resolution (ADR) tends to rely on interpretations of the Federal Arbitration Act (FAA). 9 U.S.C. § 1 et seq. Despite the fact that mediation, rather than arbitration, is the form of ADR at issue here, the arbitration precedents are not merely persuasive. I interpret the contract to require the parties attempt mediation *before* engaging in mandatory, binding arbitration. *See Gerber v. Riordan*, 535 F. Supp.2d 860, 862 (N.D. Ohio 2008) ("[If] mediation is not successful in resolving the entire dispute, any outstanding issues shall be submitted to final and binding arbitration."); *see also Fisher v. GE Med. Sys.*, 276 F. Supp. 2d 891, 893 (M.D. Tenn. 2003) ("This court is persuaded that 'arbitration' in the FAA is a broad term that encompasses many forms of dispute resolution."). Therefore, any justification for my intervention at this *pre*-arbitration stage must meet the standards for me to intervene in the ensuing arbitration proceeding (which may or my not be necessary) regarding the same matter.

A mediator is entitled to develop his or her own procedures. *See Hall Street Assocs., L.L.C v. Mattel, Inc.*, U.S. , 128 S. Ct. 1396, 1404 (2008) (affirming that the Federal Arbitration Act (FAA) "lets parties tailor some, even many features of arbitration by contract, including the way arbitrators are chosen, what their qualifications should be, which issues are arbitrable, along with procedure and choice of substantive law"); *Scherk v. Alberto-Culver Co.*, 417 U.S. 506, 519 (1974) ("An agreement to arbitrate before a specified tribunal [is], in effect, a specialized kind of forum-selection clause that posits not only the situs of suit but also the procedure to be used in resolving the dispute."). Courts will not rewrite those procedures. *See Hall Street*, *supra*, U.S. at , 128 S. Ct. at 1404 (limiting judicial review of arbitration awards to the statutory grounds for vacatur and modification provided by §§ 10 and 11 of the FAA, e.g.

"egregious departures from the parties' agreed-upon arbitration" such as "'corruption,' 'fraud,' 'evident partiality'").

As such, an agreement not to sue the mediator does not invalidate the mediation process.[1] *Cf. Id.*; *Corey v. N.Y. Stock Exch.*, 691 F.2d 1205, 1209 (6th Cir. 1982) ("Our decision to extend immunity to arbitrators and the boards which sponsor arbitration finds support in the case law, the policies behind the doctrines of judicial and quasi-judicial immunity and policies unique to contractually agreed upon arbitration proceedings."). Likewise, it appears that the mediator's forum selection clause is permissible and enforceable. *See, e.g.*, *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 9-10 (1972) (forum selection clauses are "prima facie valid"); *cf.* 9 U.S.C. § 9 (explaining that parties to an arbitration agreement can "specify the court," which can confirm the arbitrator's award).

This outcome is derivative of the parties agreement to mediate in the underlying contract giving rise to my previous order. *Cf. Fisher*, *supra*, 276 F. Supp. 2d at 895 (holding mutual promises between employer and employees bound employees to employer's mediation program and its related procedures); *Vosburgh v. BFS Retail & Commercial Operations, LLC*, 2007 WL

---

[1] I note that immunity promotes fair and independent decision-making. Because arbitrators assume quasi-judicial duties, the law should, as a matter of policy, afford them the same protections as judges and juries. *Mills v. Killebrew*, 765 F.2d 69, 71-72 (6th Cir.1985) (upholding mediators' absolute immunity) *Corey v. N.Y. Stock Exch.*, 691 F.2d 1205, 1209 (6th Cir. 1982); *see also Morgan Phillips, Inc. v. JAMS/Endispute, L.L.C.,* 44 Cal. Rptr. 3d 782, 784-86 (Cal. Dist. Ct. App. 2006) (discussing California's arbitral immunity laws); *Babylon Milk & Cream Co. v. Horvitz*, 151 N.Y.S.2d 221, 224 (N.Y. Sup. Ct. 1956) ("The same rule of immunity should apply to arbitrators as applies to the judiciary, inasmuch as the same reasons of public policy are applicable. If arbitrators are to be distinguished from jurists in this respect, a blow would be dealt to the cause of arbitration that is unwarranted.").

1084339 at *3-4 (E.D. Mich.) (compelling plaintiffs to arbitrate claims in the manner proscribed in their employment contract).

Furthermore, even the aforementioned issues invalidated the *mediation* process, the mediator's requirements would not place the dispute in this court. According to the parties' contract, if the mediation is unsuccessful the parties must submit to final arbitration. *See Gerber v. Riordan*, *supra*, 535 F. Supp.2d at 862 (explaining that defendant's refusal to mediate means the mediation has been unsuccessful and, per the agreement, "arbitration is the next step"). In such case, the FAA restrictions would control my review.

It is, therefore

ORDERED THAT, the provisions of the mediation protocol challenged by plaintiff do not alter any of my previous order, or require any further orders, and this Court's prior order to mediate be, and the same hereby is, confirmed.

So ordered.

s/James G. Carr
James G. Carr
Chief Judge