# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | | |
|---|---|---|
| Scott D. Gerber, | : | Case No. 3:06-CV-01525 |
| Plaintiff, | : | |
| v. | : | **MEMORANDUM DECISION AND ORDER** |
| James C. Riordan, et al., | : | |
| Defendants. | | |

The parties have consented to have the undersigned Magistrate enter a final judgment on all issues arising from the verified complaint alleging contract and common law tort claims. Pending are the following motions: (1) Plaintiff's Motion for Order Setting Contract Claim for Trial (Docket No. 63); (2) Defendants' Motion to Dismiss (Docket No. 68); (3) Plaintiff's Motion to Strike the Motion to Dismiss (Docket No. 70) and Defendants' Response (Docket No 72).

For the reasons that follow, the Magistrate orders that the case be dismissed and that all pending motions (Docket Nos. 63, 68 and 72) be denied as moot. The trial date scheduled for July 7, 2009, is vacated.

## I. THE PARTIES

Scott D. Gerber's former address of record is in Hampton, Virginia (Docket No. 1, Attachment A). When the complaint in this case was filed, Plaintiff's address was in Hardin County, Ohio (Docket No. 1, ¶ 4).

Defendant Seven Locks Press (SLP), a printer and publisher of books, is a private company headquartered in Santa Ana, California (Docket No. 1, Attachment A).

Plaintiff contends that upon information and belief, James C. Riordan is Defendant SLP's authorized agent (Docket No. 1, ¶ 5)

## II. FACTS

Plaintiff alleges that in June 2005, he entered into a contract with Defendants to publish his manuscript, *The Law Clerk,* on or before October 10, 2005 (Docket No. 1, ¶s 7, 9 & 11; Attachment A). Defendants failed to publish the manuscript by the October 10, 2005, deadline (Docket No. 1, ¶ 11). The publication date was modified to early February 2006 so that Plaintiff could attend a book exposition in Los Angeles (Docket No. 1, ¶12; Attachment B). Defendants failed to publish the manuscript prior to the expiration of the February publication date (Docket No. 1, ¶13). Thereafter, Defendants unilaterally established a series of publication dates, which Defendants allegedly missed (Docket No. 1, ¶s 13 & 14).

In January 2006, an announcement was made to deans of Ohio and area law schools that Plaintiff's book was scheduled for publication in February 2006 (Docket No. 1, ¶ 17). In reliance on the February publication date, Plaintiff secured endorsements and scheduled book readings and signings (Docket No. 1, ¶s 17 & 18). Plaintiff had to cancel the book readings and sales (Docket No. 1, ¶ 19). Finally the book was published by the Ohio Northern University Press, as distributed by Kent State University Press, in 2007.

## III. PROCEDURAL BACKGROUND

Plaintiff and his counsel requested that the terms of the contract be enforced through Alternate Dispute Resolution (ADR) (Docket No. 1, ¶ 14). Defendants refused (Docket No. 1, ¶ 16). Plaintiff filed a complaint in this Court seeking damages resulting from alleged acts of fraud, defamation, breach of contract, interference with contract, misrepresentation and acts causing emotional distress. Defendants did not file a responsive pleading but filed two motions to dismiss, one of which was withdrawn (Docket Nos.

9 and 68).

## IV.  JURISDICTION

**1.    JURISDICTIONAL STANDARDS**

This Court has original jurisdiction of this civil action between citizens of different states and the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.  *See* 28 U. S. C. § 1332 (Thomson Reuters/West 2009).  The validity of this Court's order, however, depends on the Court having jurisdiction over the subject matter and the parties.  *See Days Inns Worldwide, Incorporated v. Patel* 445 F.3d 899, 903 (6th Cir. 2006) (*citing Insurance Corporation of Ireland, Limited v. Compagnie des Bauxites de Guinee,* 102 S.Ct. 2099, 2103 (1982)).  The court is powerless to proceed to an adjudication without personal jurisdiction.  *Id.* at 903-904 (*citing Ruhrgas AG v. Marathon Oil Company*, 119 S.Ct. 1563, 1570 (1999)).  Personal jurisdiction must be analyzed and established over each defendant independently.  *Id*. (*citing Burger King Corp. v. Rudzewicz,* 105 S.Ct. 2174, 2183-2184 (1985)).  A court has the authority to consider whether it has personal jurisdiction over the parties *sua sponte.  Id.*

A district court must apply the law of the state in which it sits subject to due process limitations when determining whether personal jurisdiction exists over a nonresident defendant in a diversity case. *Beightler v. Produkte Fur Die Medizin AG,* 2009 WL 1107911, *2 (N.D.Ohio 2009) *cert. denied,* 101 S. Ct. 1517 (1981) (*citing Welsh v. Gibbs,* 631 F. 2d 436, 438 (6th Cir. 1980)).  In Ohio, personal jurisdiction exists only if the asserted jurisdiction comports with the state's long-arm statute and does not violate the due process requirements of the United States Constitution.  *Id.* (*citing Hunter v. Mendoza*, 197 F. Supp.2d 964, 967 (N.D.Ohio 2002); *United States Sprint Communications Company, Limited Partnership v. Mr. K's Foods, Incorporated*, 68 Ohio St.3d 181, 183-84, 624 N.E.2d 1048 (1994)).  If, as in this case, the court elects to rule without an evidentiary hearing, the plaintiff need only present a *prima facie* case for jurisdiction.  *Id.* (*citing Bridgeport Music, Incorporated v. Still N The Water Publishing,* 327 F.3d 472, 478

(6th Cir. 2003) *cert. denied*, 124 S. Ct. 399 (2003); *Kerry Steel v. Paragon Industries Incorporated,* 106 F.3d 147, 149 (6th Cir. 1997); *Nationwide Mutual Insurance Company v. Tryg International Insurance Company, Limited,* 91 F.3d 790, 792 (6th Cir. 1996)).

In this case, the contract between the parties does not specify which law governs enforcement of the contract. Consequently, the Magistrate will apply Ohio's Long Arm Statute.

**2.    OHIO LONG ARM STATUTE**

Ohio's Long Arm Statute sets forth nine ways that a defendant may subject himself or herself to jurisdiction. The four potentially relevant subsections of Ohio's Long Arm Statute that permit this Court to exercise personal jurisdiction over Defendant or its agent are:

> (A)    Transacting any business in this state.
> (B)    Contracting to supply services or goods in this state;
> (C)    Causing tortious injury by an act or omission in this state;
> (D)    Causing tortious injury in this state by an act or omission outside this state if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this state.

OHIO REV. CODE § 2307.382(A)(1) -(4) (Thomson Reuters/West 2009).

**A.    TRANSACTING ANY BUSINESS IN THIS STATE**.

Pursuant to OHIO REV. CODE § 2307.382(A)(1), a court may exercise personal jurisdiction over a person who acts directly or by an agent, as to a cause of action arising from the person's transacting any business within the state. *Kroger Company v. Malease Foods Corporation*, 437 F.3d 506, 511 (6th Cir. 2006) (*citing Kentucky Oaks Mall v. Mitchell's Formal Wear,* 53 Ohio St.3d 73, 559 N.E.2d 477 (1990) *cert. denied*, 111 S. Ct. 1619 (1991)). The parameters of Section 2307.382(A)(1) include any non resident defendant who is transacting business in Ohio. The term "transact" means 'to *prosecute negotiations;* to carry on business; *to have dealings* . . . The word embraces *in its meaning the carrying on or prosecution of business negotiations* but it is a *broader term than the word 'contract' and may involve business*

4

*negotiations* which have been either wholly or partly brought to a conclusion  . . . ' *Id.* (*citing Kentucky Oaks Mall*, 53 Ohio St. 3d at 74, 559 N. E. 2d at 479 (emphasis in original) (citation omitted)).

The evidence shows that Plaintiff entered into the primary contact with Defendants when he was residing at an address in Hampton, Virginia (Docket No. Attachment A).  No evidence has been presented in either the pleadings or attachments that Defendants had any contact with Ohio prior to Plaintiff's relocation to Ohio that is sufficient to constitute transacting business in the state.  There is also no evidence that Defendants had any continuing contacts with Plaintiff once he became an Ohio resident.

      B.      CONTRACTING TO SUPPLY SERVICES OR GOODS IN THIS STATE.

Pursuant to OHIO REV. CODE § 2307.382(A)(2), Defendants may be subject to personal jurisdiction in Ohio if the contract requires a party to supply goods or services in the State of Ohio.  *Kananian v. Brayton Purcell, Limited Liability Partnership,* 2008 WL 926061 * 4 (N. D. Ohio 2008).

In this case, the contract does not provide that the books will be supplied to Ohio.  Under the terms of the contract, Defendants agreed to supply services in Virginia.

      C.      CAUSING TORTIOUS INJURY BY AN ACT OR OMISSION IN THIS STATE.

The third way that a defendant may subject himself or herself to jurisdiction is to cause tortious injury by an act or omission in this state.  Section 2307.382(A)(3) of the Ohio long-arm statute has been interpreted to require a tortious occurrence where the causing act or omission as well as the resulting tortious injury occur in Ohio.  This act or omission establishes the defendant's contact with Ohio, and it is out of this contact that the cause of action must arise.  *Busch v. Service Plastics, Incorporated,* 261 F.Supp. 136, 140 (N.D. Ohio 1966).

The complaint does not allege that Defendants committed any tortious activity in Ohio.  As contemplated under Section 2307.382(A)(3), any act or omission causing tortious injury was at the situs of the breach in California where Defendants had contracted to publish the manuscript.

D. **CAUSING TORTIOUS INJURY IN THIS STATE BY AN ACT OR OMISSION OUTSIDE THIS STATE.**

To comply with Subsection Four, it is first essential to establish that a tortious injury occurred in Ohio, although the act or omission takes place outside of Ohio. *Id.* Next, the wrongdoer must regularly do or solicit business, or engage in any other persistent course of conduct. In the alternative, the wrongdoer must derive substantial revenue from goods used or consumed or services rendered in this state.

Missing from the record are allegations that Defendants engaged in any persistent course of conduct in Ohio. There is no evidence that Defendants had an office in Ohio through which they conducted business, solicited business in Ohio, marketed their business in Ohio, visited Ohio or derived revenue from goods used or consumed in Ohio. Simply, the only contact that Defendants have with Ohio is a result of Plaintiff's move to Ohio. This fact is insufficient to satisfy the minimum contact requirements under OHIO REV. CODE § 2307.382 (A).

3. **Due Process Clause**

The second prong of the test requires that Plaintiff demonstrate that the exercise of jurisdiction over the defendant comports with due process. To meet the requirements of the Due Process Clause of the Fourteenth Amendment, the defendant must have minimum contacts with the forum state and the exercise of personal jurisdiction must be consistent with traditional notions of fair play and substantial justice. *Lum v. Mercedes Benz, United States of America*, *Limited Liability Corporation*, 433 F.Supp.2d 853, 855 (N.D.Ohio 2006) (*citing International Shoe Company v. State of Washington,* 66 S.Ct. 154, 158 (1945)). Such minimum contacts may legitimize either general personal jurisdiction or specific personal jurisdiction. *Id.* (*citing Irizarry v. East Longitude Trading Co.,* 296 F.Supp.2d 862, 864-65 (N.D.Ohio 2003)).

A. **General Personal Jurisdiction.**

General jurisdiction is established "when a defendant has continuous and systematic contacts with the forum state sufficient to justify the state's exercise of judicial power with respect to any and all claims."

*Fortis Corporate Insurance v. Viken Ship Management*, 450 F.3d 214, 218 (6th Cir. 2006) (*quoting Aristech Chemical International v. Acrylic Fabricators,* 138 F.3d 624, 627 (6th Cir. 1998)) (internal quotation marks omitted). A finding of general jurisdiction involves "a more stringent minimum contacts test." *Pierson v. St. Bonaventure University*, 2006 WL 181988, * 4 (S.D.Ohio)(*quoting Metropolitan Life Insurance Company v. Robertson-Ceco Corporation*, 84 F.3d 560, 568 (2nd Cir. 1996) *cert. denied*, 117 S. Ct. 508 (1996)). In applying this test, courts often apply the following non-exhaustive test: 1) whether the defendant solicits business in Ohio through a local office or agent; 2) whether the defendant sends agents into Ohio on a regular basis to solicit business; 3) the extent to which the defendant holds itself out as doing business in Ohio through advertisements, listings or bank accounts; and 4) the volume of business conducted in Ohio by the defendant. *Avery Dennison Corporation v. Alien Technical Corporation*, 2008 WL 5130424, * 7 (N.D.Ohio 2008).

When these factors are considered, it is evident that Defendants never engaged in substantial, continuous and systemic conduct in Ohio. The Magistrate reiterates that there was no evidence that Defendants conducted business in Ohio, solicited business in Ohio, or marketed or advertised their business in Ohio. Moreover, there is no evidence that Defendants were actually present in Ohio. The only evidence of Defendants' contact with Ohio is Plaintiff's move to the state. Because Defendants maintain no physical, financial or corporate presence in Ohio, exercising general personal jurisdiction over them does not comport with due process.

**B.     Specific Jurisdiction**.

Specific personal jurisdiction arises from a defendant's conduct vis-a-vis the forum state relative to the particular cause of action. *Lum, supra*, 433 F. Supp. 2d at 856. This jurisdiction exists where: 1) the defendant purposefully avails itself of the privilege of acting in the forum state or causing a consequence in the forum state; 2) the cause of action arises from the defendant's activities; and 3) the acts of the

7

defendant or consequence caused by the defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable. *Id.* (*citing Southern Machine Company v. Mohasco Industries, Incorporated,* 401 F.2d 374, 381 (6th Cir. 1968)).

Even if the Magistrate concedes that Defendants caused a consequence within Ohio that arose from their failure, no connection has been established between Defendants and Ohio. There is simply no evidence that Plaintiff's claims arise out of Defendants' activities in Ohio.

### V. MOTION TO ORDER SETTING CONTRACT CLAIMS

Since this Court cannot assert personal jurisdiction over Defendants, it is unnecessary to set the contract claims for hearing. The Motion to Order Setting Contract Claims is denied as moot (Docket No. 63).

### VI. MOTION TO DISMISS

Since this Court cannot assert personal jurisdiction over the Defendants, it is unnecessary to address the merits of the Motion to Dismiss. The motion is denied as moot (Docket No. 68).

### VII. MOTION TO STRIKE

Since this Court cannot assert personal jurisdiction over Defendants, it is unnecessary to address the merits of the Motion to Strike. The Motion to Strike is denied as moot (Docket No. 70).

## VIII.  CONCLUSION

For the foregoing reasons, it is ordered that this case is dismissed for want of personal jurisdiction, all pending motions are denied as moot and the trial date of July 7, 2009 is vacated.

**IT IS SO ORDERED.**


                                             /s/Vernelis K. Armstrong
                                             United States Magistrate Judge

Date:   May 28, 2009