**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | | |
|---|---|---|
| Scott D. Gerber, | : | Case No. 3:06-CV-01525 |
| Plaintiff, | : | |
| v. | : | **MEMORANDUM DECISION AND ORDER** |
| James C. Riordan, et al., | : | |
| Defendants. | : | |

The parties have consented to have the undersigned Magistrate enter a final judgment on all issues arising from the verified complaint alleging contract and common law tort claims. Pending is Plaintiff's unopposed Rule 60(B)(6) Motion for Relief from Judgment (Docket No. 80). For the reasons that follow, the Motion for Relief is denied.

**I. PROCEDURAL BACKGROUND**

Defendants declined Plaintiff's request to mediate their contract dispute through Alternate Dispute Resolution (ADR) (Docket No. 6, ¶s 14 & 15). Consequently, Plaintiff filed a complaint and a first amended complaint in this Court seeking damages resulting from alleged acts of fraud, defamation, breach of contract, interference with contract, misrepresentation and acts causing emotional distress. Defendants withdrew one of two motions to dismiss (Docket Nos. 9 and 68). The Magistrate ordered that the case be dismissed.

Plaintiff's Motion for Relief from Judgment Pursuant to FED. R. CIV. P. 60(b)(6) is pending.

## II. FED. R. CIV. P. 60(B)(6) STANDARD

**Grounds for Relief from a Final Judgment, Order, or Proceeding**. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for any reason that justifies relief.

## III. DISCUSSION

Plaintiff contends that the Court erred in dismissing the case for lack of personal jurisdiction. Plaintiff argues specifically that the Court failed to refer to the amended complaint, ignored the contacts that Defendants had in Ohio, ignored his affidavit and failed to schedule an evidentiary hearing. For these reasons, Plaintiff seeks relief under Fed. R. Civ. P. 60 (b)(6).

1. **FED. R. CIV. P. 60(B)(6).**

The text of Fed. R. Civ. P. 60(b) provides relief from judgment on six enumerated grounds: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. *Lathan v. Hudson,* 2009 WL 2901314, *2 -3 (N.D.Ohio 2009). Relief under Rule 60(b)(6) requires a showing of extraordinary circumstances. *Thompson v. Bell,* 580 F.3d 423, 442 (6th Cir. 2009) (*citing Gonzalez v. Crosby,* 125 S.Ct. 2641, 2650-2651 (2005)). A decision to grant Rule 60(b)(6) relief is made on a case-by-case inquiry that requires the trial court to intensively balance numerous factors, including the competing policies of the finality of judgments and the incessant command of the court's

conscience that justice be done in light of all the facts. *Id.* (*citing Blue Diamond Coal Co. v. Trustees of UMWA Combined Benefits Fund,* 249 F.3d 519, 529 (6th Cir. 2001) *cert. denied*, 122 S. Ct. 643 (2001)(quotation marks and citation omitted)).

    **2.    APPLICATION OF LAW**

The final judgment of this Court has been executed and the case has been closed. The fundamental basis for this 60(b) motion is legal error; specifically, Plaintiff claims that the Court failed to apply the correct legal standard to the amended pleadings and affidavits. The dispositive relief requested, however, is the subject of the pending appeal to the Sixth Circuit Court of Appeals. Consequently, the exceptional or extraordinary circumstances contemplated by the framers of FED. R. CIV. P. 60(b)(6) do not exist at this time. Given the public policy in favor of finality of judgment, the Magistrate denies Plaintiff's Motion for Relief from Judgment.

### IV. CONCLUSION

For the foregoing reasons, it is ordered that the Motion for Relief from Judgment is denied.

**IT IS SO ORDERED.**

                                            /s/Vernelis K. Armstrong
                                            United States Magistrate Judge

Date:   March 12, 2010