IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| Scott D. Gerber, | : | Case No. 3:06 CV 1525 |
| Plaintiff, | : | |
| v. | : | |
| James C. Riordan, et al., | : | **MEMORANDUM DECISION AND ORDER** |
| Defendants. | : | |

Before the Court is Timothy G. Pepper's Motion to Withdraw (as attorney) and Plaintiff's Verified Oppositions (Docket Nos. 93, 94 & 95). For the reasons that follow, the Magistrate grants the Motion to Withdraw.

**PROCEDURAL BACKGROUND.**

On May 28, 2009, this Court entered a Memorandum Decision and Order, *inter alia*, dismissing Plaintiff's contract claim for want of personal jurisdiction (Docket No. 73). The case was subsequently reopened for the limited purposed to permit Plaintiff's counsel, Bruce C. French, to withdraw (Docket Nos. 75, 76).

Brian M. Wakefield, an attorney employed by Taft Stettinius & Hollister, LLP (TSH), a full service law firm, obtained permission from a managing partner Jeffrey Mullins at TSH to represent Plaintiff, *pro bono*, in the underlying case as well as in the appeal of this Court's decision to dismiss the case and then reopen the case to permit Mr. French to withdraw (Docket No. 94, p. 14 of 20, ¶ 1). Jeffrey Mullins avers that he informed Mr. Wakefield that he could seek the assistance of other TSH attorneys; however, the case was Mr. Wakefield's responsibility and he bore the primary responsibility of the work in this matter. Mr. Wakefield and Mr. Mullins did not discuss post-appellate representation for Plaintiff's case (Docket No. 96, Exhibit 1, p. 1 of 2, ¶s 3-5).

On June 24, 2009, Mr. Wakefield entered an appearance in the United States District Court case as counsel of record and contemporaneously filed a notice of appeal in the United States Sixth Circuit Court of Appeals (Docket Nos. 84 & 85). Mr. Wakefield became ill and took medical leave from TSH. Mr. Wakefield consulted with Mr. Mullins about an assignment to a TSH attorney to "finish the Gerber matter" (Docket No. 94, p. 15 of 20, ¶ 9). Timothy G. Pepper, an attorney employed by TSH, did not enter an appearance in the case pending before the United States District Court. He did, however, assist Mr. Wakefield with Plaintiff's representation in the Court of Appeals. Once Mr. Pepper fulfilled the commitment, he requested and obtained from the Court of Appeals leave to withdraw as appellate counsel pursuant to Rule 45(a) of the RULES OF THE SIXTH CIRCUIT (Docket No. 90; United States Court of Appeals for the Sixth Circuit, Case No. 09-3790, Document: 00615622136). Mr. Wakefield remained as counsel of record for Plaintiff in the Court of Appeals (Docket No. 88).

The Sixth Circuit reversed the decision of this Court and remanded the case on the basis that Defendants waived their lack of personal jurisdiction and voluntarily submitted to this Court's

2

jurisdiction (Docket No. 90). Although Mr. Pepper never entered an appearance in this District Court case, he seeks leave to withdraw as counsel of record. Plaintiff seeks an order which mandates that Mr. Pepper continue to represent him for the life of the litigation pending in the United States District Court.

**LAW**.

Attorney withdrawal issues are committed to the court's discretion. *Brandon v. Blech*, 560 F. 3d 536, 537 (6th Cir. 2009). Review of a denial of a motion to withdraw is reviewed for an abuse of discretion. *Id.*

Attorneys admitted to the bar for the Sate Ohio are governed by the Ohio Rules of Professional Conduct adopted by the Ohio Supreme Court on February 12, 2007. *N. Eagle v. Kosas*, 2009 WL 2462708, *5 (2009). The RULES OF PROFESSIONAL CONDUCT outline when an attorney may withdraw from representation. Relevant to this proceeding is Rule 1.16(b)(1) which provides that an attorney may withdraw from representation of a client if such withdrawal can be accomplished without material adverse effect on the interests of the client[1]. *Id.*

---

[1]
RULE 1.16(b) sets forth the rules that an attorney must follow when terminating representation. An attorney may withdraw from representation when any of the following apply:
(1) withdrawal can be accomplished without material adverse effect on the interests of the client;
(2) the client persists in a course of action involving the lawyer's services that the lawyer reasonably believes is illegal or fraudulent;
(3) the client has used the lawyer's services to perpetrate a crime or fraud;
(4) the client insists upon taking action that the lawyer considers repugnant or with which the lawyer has a fundamental disagreement;
(5) the client fails substantially to fulfill an obligation, financial or otherwise, to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled;
(6) the representation will result in an unreasonable financial burden on the lawyer or has been rendered unreasonably difficult by the client;
(7) the client gives informed consent to termination of the representation;

Under Rule 83.9 of the LOCAL RULES FOR THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF OHIO, the attorney of record may not withdraw, . . . . without first providing written notice to the client and all other parties and obtaining leave of Court.  Attorneys from the same firm may file and serve a notice of appearance or substitution for the attorney of record without obtaining leave of Court.

## DISCUSSION.

### I.

Plaintiff seeks an evidentiary hearing to establish that Mr. Pepper and TSH, Mr. Wakefield's former employer, are obligated to represent him.  Relying on Mr. Wakefield's promise to represent him in this case as binding upon TSH, Plaintiff contends that Timothy Pepper automatically accedes to Mr. Wakefield's position as his counsel.

Initially, the Magistrate finds that an evidentiary hearing will elicit and reinforce that the relationship between Plaintiff and Mr. Pepper has little substance.  An evidentiary hearing will permit the parties to use all of the customary avenues in an effort to explore and elicit the relevant facts, including the right to subpoena witnesses and conduct direct and cross examination of the witnesses. Plaintiff suggestions that he call Mr. Pepper and Mr. Mullins as upon cross-examination in an evidentiary hearing is indicative that the delicate and confidential nature of a potential attorney client relationship has already been fractured (Docket Nos. 93, 94 & 95).  Some of the allegations directed at Mr. Pepper and/or TSH are as follows:

---

    (8)    the lawyer sells the law practice in accordance with Rule 1.17;
    (9)    other good cause for withdrawal exists.

4

(1) TSH failed to follow his advice in preparing a responsive pleading in the appeal. Such failure bordered on malpractice.

(2) Mr. Pepper and TSH are "in it" for the money.

(3) Mr. Pepper and/or TSH are unsympathetic to his need to health issues that require a respite away from Ohio during the summer and semester break.

(4) Mr. Pepper and TSH have made false assertions about him.

(Docket No. 95-pp. 8, 9, 11 of 13).

The Magistrate will not impose a relationship that does not exist or that is already fraught with distrust, criticism, a lack of cooperation, character and ethics attacks and an inability to effectively communicate.

Turning to the merits of the Motion to Withdraw, the Magistrate finds that withdrawal by Mr. Pepper in the United States District Court will not violate the provisions in the RULES OF PROFESSIONAL CONDUCT or the LOCAL RULES. Under FED. R. CIV. P. 11 and OHIO R. CIV. P. 11, the signature of Mr. Pepper on the Motion to Withdraw constitutes a certificate that the factual contentions have evidentiary support. To the best of his knowledge, information and belief, Mr. Pepper's sole role in this case was to assist Mr. Wakefield with the completion of the litigation in the Sixth Circuit Court of Appeals. During the pendency of the appeal, the Court of Appeals permitted Mr. Pepper to withdrew as counsel of record. There is no evidence that Mr. Pepper promised Plaintiff that he would assist Mr. Wakefield with this case. Neither has Plaintiff presented an engagement letter, employment contract or retainer agreement that memorializes Mr. Pepper's intent to represent Plaintiff in this case.

Assuming but not finding an existing relationship between Mr. Pepper and Plaintiff, withdrawal by Mr. Pepper can be accomplished without foreseeable prejudice to the rights of

5

Plaintiff. Plaintiff has been on notice since Mr. Pepper's withdrawal from the case in the Sixth District Court of Appeals in July 2009 that Mr. Pepper had no intentions of representing him. Since the case has been remanded, it can commence anew. At its inception, a significant amount of time in this case was spent in mediation and attempting to enter into settlement. Thus no dispositive motions are pending, no schedule for filings has been ordered and no meaningful discovery has been undertaken. This case is not so unusual or complex that counsel with specialized abilities is required. New counsel will not have a material adverse effect on Plaintiff's interest in prevailing at trial or obtaining a reasonable settlement. Although Plaintiff finds the assertion by Mr. Pepper that he can represent himself ingratiating, such suggestion is not outside the realm of possibility as Plaintiff is a lawyer and he is familiar with the legal system.

## II.

Plaintiff cited several cases that are the basis for creating an attorney client relationship with Mr. Pepper and TSH. The Magistrate has examined these cases and finds little in them to assist clarity as such cases are distinguishable from the merits of this case. Moreover, none of the cases presented provide a persuasive argument for compelling Mr. Pepper to represent Plaintiff in this litigation.

**A.** *Allen v. Murph,* **194 F. 3d 722, 724 (6th Cir. 1999)**

In *Allen,* the Court found that since counsel represented the parties at trial and remained the attorney of record after the entry of judgment, he and his associate knew or should have known of the time period within which to seek attorney fees. *Id.* The carelessness of these attorneys in allowing the time to expire was inexcusable. *Id.*

The Magistrate finds that the *Allen* case does not assist clarity in the *Gerber* case as counsel

was clearly the attorney of record after the entry of judgment. Mr. Pepper is not an attorney of record in this case.

**B.** *Haines v. Liggett Group*, **814 F. Supp. 414 (D. N.J. 1993)**

Similarly, the Magistrate is not persuaded by Plaintiff's reliance on *Haines v. Liggett Group*. Here, there was a contingency fee arrangement and because the litigation was complex, finding substitute counsel was prohibitive, "if not impossible." *Id.* at 428. Individual claims as well as entire classes of claims could have been stigmatized if counsel were permitted to withdraw. *Id.* The court reasoned that withdrawal would permit the nullification of any contingency fee contract which later turns out to be less profitable than originally thought. *Id.*

The principles established in *Haines*, do not assist this Court in defining the relationship of Plaintiff and Mr. Pepper. This litigation is not of the complexity that the *Haines* court encountered. Neither does this litigation include a clearly defined contingency fee contract. The Magistrate finds that this case distinguishable from the *Gerber* case because there was apparently an intent to represent the party. The party and their lawyer entered into a contingency fee agreement. The litigation was also of the complexity that the obligations under the contingent fee agreement were compromised if counsel was discharged.

**C.**     ***In re Tutu Wells Contamination Litigation*, 164 F. R. D. 41 (D.V. I. 1995).**

In this case, the court addressed the standards for withdrawal of attorneys under the professional code in the Virgin Islands. The court used its discretion to force counsel to continue representation of the Laga defendants because it was a complex environmental pollution case with numerous plaintiffs, defendants, third party plaintiffs and third party defendants. *Id.* Severe

prejudice would have resulted if the Porzio Firm could not continue its representation of the Laga defendants and the remaining defendants would have been severely prejudiced by further delays. *Id.* Both the legal issues and the facts involved were "extraordinarily complex." The succeeding firm was not prepared to continue the Porzio Firm's representation. *Id.* Any firm replacing the Porzio Firm would face "insurmountable obstacles" in attempting to prepare for a January 8, 1996-trial date (the decision was published on December 11, 1995). *Id.* The court reasoned that Porzio Firm had a professional obligation to the court and the judicial system to see the work through to completion. *Id.*

Here, the Magistrate is not compelled by the findings in *Tutu Wells* to order Mr. Pepper to represent Plaintiff as prejudice will not result. This contract case is not of the magnitude of a complex environmental pollution case.

**D.    *Conti v. American Axle and Manufacturing*, 2009 WL 1424371,*18 (6th Cir. 2009) (unpublished)[2].**

Plaintiff demanded that counsel brief the case for purposes of the appeal. The court in *Conti* determined that the district court has permitted a firm to withdraw based on several procedural errors. The magistrate judge entered an order completely unaware of Conti's position, acknowledging as much at the hearing on this issue. *Id.* The mistake in the judgment was brought to the district court's attention and the district court overlooked the error and affirmed the magistrate's order on the grounds that Conti failed to timely oppose the motion to withdraw. *Id.*

---

[2]

Courts in the Sixth Circuit discourage citation to their unpublished opinions. Such decisions may be cited if persuasive but they have no precedential force. *United States v. Ables*, 167 F. 3d 1021, 1031 (6th Cir. 1999).

The court in the *Conti* case clearly abused its discretion by failing to correct an error of law even when presented with facts. Although highly deferential to the *Conti* case, the findings in this Magistrate's Order that permit the withdrawal of counsel is not based on a procedural error. Neither is it arbitrary. This Order constitutes a justifiable view of the situation and circumstances in this case.

E.	*Byrd v. District of Columbia*, **271 F. Supp. 2d 174, 177 (D. D. C. 2003).**

The court in *Byrd* refused to allow counsel to withdraw as the local rules guided the court to consider whether withdrawal would unduly delay trial of the case, or be unfairly prejudicial to any party, or otherwise not be in the interests of justice." *Id.* In reaching its ruling, the court was instructed to consider factors such as the length of time the case and dispositive motions had been pending, the time it would take for the unrepresented party to search for and secure new legal representation, and the degree of financial burden that counsel would suffer if the court required him to remain in the case. *Id.* (*citing Barton v. District of Columbia*, 209 F. R. D. 274, 277-78 (D.D.C.2002)). The court determined that the deadline for discovery was imminent, thus, to allow counsel's withdrawal from the case at this sensitive stage would bring the litigation to a grinding halt. *Id.* Moreover, withdrawal would unfairly prejudice the plaintiff who would have to prepare her case *pro se* for the upcoming settlement conference and responses to discovery. *Id.* Finally, counsel was unable to demonstrate that continued representation of the plaintiff would place any unreasonable or unanticipated burden on him since there was a contingency fee arrangement. *Id.*

Furthermore, the courts in *Chester v. May Department Store*, 2000 WL 12896, *1 (E. D. Pa. 2000), *Gibbs v. Lappies*, 828 F. Supp. 6, 8 (D. N. H. 1993) and *Akers v. Bonifasi*, 629 F. Supp. 1212, 1215 (M. D. Tenn. 1984), denied counsel's motion to withdraw as the plaintiff would have been prejudiced by the delay of the trial and the costs of seeking new counsel. In all of these cases, there

9

was no adequate basis for withdrawal under the respective rules of professional conduct.

In these cases, the Magistrate notes that the timing of the litigation was crucial.  The cases had been pending for a substantial time, discovery responses were pending and a settlement conference had been scheduled.  Withdrawal in any of these cases would have guaranteed that the plaintiff would enter a crucial part of the trial without adequate preparation or counsel.  When the principles of these cases are compared to the *Gerber* case, the Magistrate acknowledges that the withdrawal will not unduly delay the trial; that Plaintiff will be subject to revised procedural controls for discovery and that Plaintiff's interests will not be unfairly prejudiced because he will be given time to search for and secure new legal representation

## CONCLUSION

Plaintiff has not persuaded the Magistrate that there are ethical or procedural requirements that obligate Mr. Pepper to represent him.  Mr. Pepper has not agreed to assume the contractual obligations associated with the lawyer client representation of Plaintiff in this Court.  At this pivotal point in the case, withdrawal as counsel can be accomplished without material adverse effect on Plaintiff's interests.  Accordingly, Mr. Pepper's Motion to Withdraw is granted.

Retained or otherwise engaged counsel for Plaintiff shall enter an appearance in this case within 45 days after this Memorandum Decision and Order are filed.  A telephone scheduling conference at which all counsel of record and parties shall be available is scheduled for **January 18,  2012 at 2:00 P.M.**  The Court will place the call.

**IT IS SO ORDERED**.

/s/Vernelis K. Armstrong
United States Magistrate Judge

Date: November 28, 2011